[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The plaintiff, Lucinda Williams, commenced this action against the defendant Bower for injuries and damages allegedly sustained by her in an automobile accident. At the time of the accident, Bower was driving a tractor trailer truck owned by the defendants Arrington and R.J. Arrington Transportation.
The plaintiff subsequently added an additional count to her complaint (Sixth Count) in which she alleged that Hartford Accident and Indemnity Company is obligated under an insurance policy to defendant R.J. Arrington Transportation which is the d/b/a of Robert Joseph Arrington, CT Page 14219 Sr.
Hartford Accident and Indemnity has moved this court to strike the Sixth Count of the plaintiffs complaint for the reason that the plaintiffs complaint does not set forth a legally sufficient subrogation action because the plaintiff has not yet obtained a judgment against the defendants.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim on which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc.v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, supra, 825.
Hartford Accident argues that Williams' rights could only exist by way of subrogation pursuant to General Statutes § 38a-321. Hartford Accident further argues that Williams failed to allege an essential element of a subrogation action and, therefore, count six of the amended complaint should be stricken.
Williams argues that count six against Hartford Accident is not a subrogation action, but rather is a breach of contract action for its failure to defend R.J. Arrington Transportation. Williams contends that count six references a policy, a duty to defend under the policy, and a failure of Hartford Accident to perform its duty to defend. Williams further contends that she became a third party creditor beneficiary when she filed suit against the defendants.
In count six of the amended complaint, Williams alleges that Hartford Accident is obligated under the insurance policy to defend its insured and further alleges that Williams and Hartford Accident have been unable to agree on an amount that she is entitled to recover pursuant to its policy. Based on this language, Hartford Accident argues that Williams is essentially making a subrogation claim pursuant to § 38a-321.[1]
"Section 38a-321 addresses indemnification issues only and not the duty to defend." Hanover Ins. Co. v. Halfmann, Superior Court, judicial district of New Haven at New Haven, Docket No. 412888 (October 27, 1999,Zoarski, J.). The amended complaint, however, makes no mention of §38a-321 and does not appear to contain any allegations of a subrogation CT Page 14220 claim or indemnification claim against Hartford Accident.
Williams argues instead that she is alleging a breach of contract action against Hartford Accident. Specifically, Williams argues that she became a third party beneficiary to Hartford Accident's insurance policy when she filed suit against the defendants and that Hartford Accident breached its contractual duty by failing to defend.
"The obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage." (Internal quotation marks omitted.)Moore v. Continental Casualty Co., 252 Conn. 405, 409, 746 A.2d 1252
(2000). "If an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." (Internal quotation marks omitted.) Id.
The court must determine whether Williams has pleaded a cause of action for breach of a contractual duty to defend owed to her as a third party beneficiary of the insurance contract between Hartford Accident and R.J. Arrington Transportation. In Grigerik v. Sharpe, 247 Conn. 293,721 A.2d 526 (1998), the court observed that "a third party seeking to enforce a contract must allege and prove that the contracting partiesintended that the promisor should assume a direct obligation to the third party." (Emphasis in original; internal quotation marks omitted.) Id., 315. Here, there were no allegations in Williams' complaint that the parties intended Hartford Accident to assume a direct obligation to Williams. Id.
In Perrelli v. Strathmore Farms, Superior Court, judicial district of New Haven, Docket No. 428988 (March 2, 2000, Levin, J.), the court found count seven of the complaint to be legally insufficient because the plaintiffs failed to allege in their complaint that they were either parties or third party beneficiaries to the insurance contract. Similarly, count six of Williams' amended complaint is legally insufficient because she fails to allege that she was either a party or a third party beneficiary to the insurance contract between Hartford Accident and R.J. Arrington Transportation. See id.
Further, in Webster v. U.S. Fidelity Guaranty Co., Superior Court, judicial district of Tolland at Rockville, Docket No. 51784 (March 21, 1995, Rittenband, J.), the court observed that "[a] breach of contract claim would have to be by the named insured against the defendant for failure to defend her or pay damages on her behalf." Id. The court further noted that the injured party was not a third party beneficiary because he was not a "contracting party" and, therefore, he was not CT Page 14221 permitted to make a claim against the insurer. See id. In this case, Williams has not alleged that she is a third party beneficiary to the insurance policy and should not be permitted to bring a breach of contract action against Hartford Accident for failure to defend R.J. Arrington Transportation. See Id.; see, e.g., Richards v. Deaton, Superior Court, judicial district of Danbury, Docket No. 309417 (March 11, 1993, Fuller, J.) (8 Conn.L.Rptr. 493) (holding that a claimant has no direct cause of action under CUIPA against an insurance company of a tortfeasor).
The only allegation in count six of Williams' complaint with regard to a cause of action for breach of contractual duty to defend is that Hartford Accident's insurance policy obliges it to defend its insured. Williams has failed to allege that she was either a party or a third party beneficiary to the alleged insurance policy between Hartford Accident and R.J. Arrington Transportation. Perrelli v. StrathmoreFarms, supra, Superior Court, Docket No. 428988.
The facts alleged in Williams' amended complaint are legally insufficient to support a cause of action for breach of contractual duty to defend. Accordingly, Hartford Accident's motion to strike count six of the amended complaint is hereby granted.
By the Court,
Joseph W. Doherty, Judge